**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PETRA E. RIVERA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:05-CV-0422-Y** |
| | § | |
| **GINNY VAN BUREN, WARDEN,** | § | |
| **FMC-CARSWELL,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B.  PARTIES

Petitioner Petra E. Rivera, Reg. No. 30914-077, is a federal prisoner incarcerated in the Federal Medical Center-Carswell (FMC-Carswell), in Fort Worth, Texas.

Respondent Ginny Van Buren is Warden of FMC-Carswell.

### C.  PROCEDURAL HISTORY

On February 10, 1998, Rivera pled guilty to one count of conspiracy to distribute narcotics and marijuana in violation of 21 U.S.C. § 846 in the United States District Court for the Northern District of Texas, Dallas Division, in Case No. 3:97-CR-00257-16. *See* CM/ECF, Criminal Docket

for Case #3:97-CR-00257-16, docket entry for February 10, 1998.  On July 14, 1998, Rivera was

sentenced to a term of 292 months' incarceration.  *Id.*, entry for July 14, 1998.  Rivera appealed her

sentence, but the appeal was later dismissed on her own motion.  *Id.* docket entries for July 21, 1998

& May 18, 1999.  Rivera has not filed a motion to vacate, set aside or correct the sentence under 28

U.S.C. § 2255.  On May 31, 2005, Rivera filed this petition under § 2241.

## D.  DISCUSSION

Rivera challenges the constitutionality of her 292-month sentence on the basis of the

Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v.

Booker*, 125 S. Ct. 738, 756 (2004).[1]  According to Rivera, her sentence was unconstitutionally

enhanced based on judge-found facts not agreed upon by the parties in the plea agreement or found

by a jury beyond a reasonable doubt, and, therefore, she is actually innocent of the unconstitutional

sentence enhancement.  (Petition at 7.)

This Court has the duty to assure that it has jurisdiction over the matters before it and may

raise a jurisdictional issue *sua sponte* at any time.  *See Burge v. Parish of St. Tammany*, 187 F.3d

452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever

it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject

matter."  FED. R. CIV. P. 12(h)(3).

The threshold question is whether Rivera's claim is properly raised in a § 2241 habeas

---

[1]In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines
the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*:
pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is
necessary to support a sentence exceeding the maximum authorized by the facts established by a
plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a
reasonable doubt."  *Booker*, 125 S. Ct. at 756.  A different majority of the Court then determined the
appropriate remedy was to sever and excise those statutory provisions making the Guidelines
mandatory, thereby rendering the Guidelines effectively advisory.  *Id.* at 756-57.

petition.  Typically, § 2241 is used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence only if she can satisfy the mandates of the so-called § 2255 "savings clause."  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.  To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that:  (1) her claim is based on a retroactively applicable Supreme Court decision which establishes that she may have been convicted of a nonexistent offense, and (2) her claim was foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

Rivera cannot satisfy the first prong of the *Reyes-Requena* test.  She cannot demonstrate that she was convicted of a nonexistent offense nor has the *Booker/Blakely/Apprendi* line of cases been applied retroactively to cases on collateral review.  *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005).[2]  *See also In re Elwood*, 408 F.3d  211, 213 (5th Cir. 2005) (holding *Booker* does not

---

[2]Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review.  *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. July 5, 2005) (No. 05-5187); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 17, 2005) (No. 05-5130); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Price*, 400 F.3d 844,
(continued...)

apply retroactively on collateral review for purposes of successive motion to vacate under § 2255).

The fact that Rivera may now be barred from filing a § 2255 petition under the statute's one-year

statute of limitations does not make § 2255 inadequate or ineffective.  *See Jeffers*, 253 F.3d at 830;

*Toliver v. Dobre*, 211 F.3d 876,  878 (5th Cir. 2000); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th

Cir. 1999).   Thus, Rivera is precluded from challenging the legality of her sentence under § 2241.

The court is without jurisdiction to consider the petition.  *See Padilla*, 416 F.3d at 427; *Christopher*

*v. Miles*, 342 F.3d 378, 379, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003).

## II.  RECOMMENDATION

It is therefore recommended that Rivera's petition for writ of habeas corpus be dismissed for

lack of jurisdiction.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific

written objections in the United States District Court to the United States Magistrate Judge's

proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document.   The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until October 24, 2005.  The United States District Judge need only make a

*de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

---

[2](...continued)
846-49 (10th Cir. 2005), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-
10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, 133 Fed.
Appx. 922, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the
Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10,
2005) (not designated for publication in the Federal Reporter).

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 24, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 3, 2005.


  /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5